IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

IN RE:   AMANDA MIRENE NOEL                                          CHAPTER 7
         DEBTOR                                             CASE NO. 10-51669 KMS

**RESPONSE TO MOTION TO REOPEN CHAPTER 7 CASE (DK# 32)**

Kimberly R. Lentz, Chapter 7 Trustee and Interested Party, files this Response to the Motion to Reopen Chapter 7 case. The Trustee does not take a position on the merits of the Motion. Attached hereto as Exhibit "A" is a copy of an opinion of the Mississippi Court of Appeals, *Garcino vs. Noel*, 100 So.3d 470 (Miss. App. 2012), which the Trustee believes will be helpful to the Court.

          Respectfully Submitted,

          KIMBERLY R. LENTZ, TRUSTEE

          By: /s/ *Kimberly R. Lentz*
          Kimberly R. Lentz, Attorney (Bar No. 8986)

Kimberly R. Lentz
Chapter 7 Trustee
Post Office Box 927
Gulfport, MS 39502
(228) 867-6050

**CERTIFICATE OF SERVICE**

I, KIMBERLY R. LENTZ, do hereby certify that the following have been served electronically via ECF with a copy of the foregoing document:

United States Trustee: USTPRegion05.JA.ECF@usdoj.gov
James L. Farragut, Jr., Attorney for Debtor: farragutlawfirm@hotmail.com

I further certify that I mailed a true and correct copy of the foregoing document to:

Amanda Mirene Noel         Ian Garcino
16200 Roberts Road         13628 Wolf River Road
Vancleave, MS 39565         Gulfport, MS 39503

This the 30th day of January, 2013.

          /s/ *Kimberly R. Lentz*
          KIMBERLY R. LENTZ

100 So.3d 470
Court of Appeals of Mississippi.

Ian Michael GARCINO, Appellant
v.
Amanda A. Mills Garcino NOEL, Appellee.

No. 2011–CP–00883–COA.   |   Oct. 23, 2012.

**Synopsis**
**Background:** Former husband filed a writ of execution to recover monies due from wife under amended divorce judgment. The Chancery Court, Jackson County, Jaye A. Bradley, J., granted former wife's motion for a stay on the basis that the debt was discharged by the bankruptcy court. Former husband appealed.

**[Holding:]** The Court of Appeals, Maxwell, J., held that the doctrine of res judicata barred former husband from collaterally attacking the bankruptcy court's ruling.

Affirmed.

Irving, P.J., concurred in part and in the result.

West Headnotes (8)

[1]   **Bankruptcy**
      ⚙= Voluntary Cases
      **Bankruptcy**
      ⚙= Discharge
      Essentially, in a Chapter 7 bankruptcy the debtor surrenders—or liquidates—all his non-exempt property as payment towards his debts in exchange for a discharge—or wiping out—of the debts he had at the time he filed bankruptcy.

[2]   **Judgment**
      ⚙= Operation and effect
      The doctrine of res judicata barred former husband from collaterally attacking the bankruptcy court's ruling that discharged a property-settlement debt owed to former husband; during former wife's bankruptcy proceeding, former husband applied to the bankruptcy court for a determination of dischargeability for the property-settlement debt, former husband abandoned the adversary proceeding, the bankruptcy court dismissed the adversary proceeding, and a voluntary dismissal operated as an adjudication on the merits. 11 U.S.C.A. § 523(a)(15); Fed.Rules Bankr.Proc.Rule 7041, 11 U.S.C.A.; Fed.Rules Civ.Proc.Rule 41, 28 U.S.C.A.

[3]   **Judgment**
      ⚙= Nature and requisites of former recovery as bar in general
      Res judicata is a doctrine of claim preclusion.

[4]   **Judgment**
      ⚙= Nature and requisites of former recovery as bar in general
      **Judgment**
      ⚙= Nature and elements of bar or estoppel by former adjudication
      Under the doctrine of res judicata, when a court of competent jurisdiction adjudicates, that is, enters a final judgment on the merits of an action, the parties or their privies are precluded from re-litigating claims that were decided or could have been raised in that action.

[5]   **Judgment**
      ⚙= Identity of Subject-Matter
      **Judgment**
      ⚙= Identity of persons in general
      Res judicata bars a second action between the same parties on the same subject matter directly involved in the prior action.

[6]   **Judgment**
      ⚙= Nature and elements of bar or estoppel by former adjudication
      **Judgment**



WestlawNext © 2013 Thomson Reuters. No claim to original U.S. Government Works.

⊕⇒ Identity of persons in general

The application of res judicata requires four identities which must be present: (1) identity of the subject matter of the action; (2) identity of the cause of action; (3) identity of the parties to the cause of action; and (4) identity of the quality or character of a person against whom the claim is made.

[7]  **Judgment**
⊕⇒ Necessity for decision on merits
**Judgment**
⊕⇒ Finality of Determination

Res judicata requires the prior judgment be a final judgment that was adjudicated on the merits.

[8]  **Judgment**
⊕⇒ Courts or Other Tribunals Rendering Judgment
**Judgment**
⊕⇒ Operation and effect

If an application for a determination of dischargeability is filed and adjudicated in the bankruptcy court, that judgment is res judicata in other courts.

**Attorneys and Law Firms**

*471 Ian Michael Garcino, appellant, pro se.

Calvin D. Taylor, attorney for appellee.

Before LEE, C.J., MAXWELL and RUSSELL, JJ.

**Opinion**

MAXWELL, J., for the Court:

¶ 1. Ian Garcino seeks to collect a debt from his ex-wife. He argues the chancery court misapplied federal bankruptcy law to find the debt had been discharged—or erased—in his ex-wife's bankruptcy case. But the issue is not whether the *chancery court* erroneously decided the debt was discharged. The issue is whether the *bankruptcy court* had already decided the debt was discharged—thereby binding the *472 chancery court under the doctrine of res judicata.

¶ 2. We find the bankruptcy court decided that the debt was discharged when it dismissed Garcino's adversary proceeding—a lawsuit within his ex-wife's bankruptcy brought to determine whether the debt owed Garcino is non-dischargeable. Under federal bankruptcy procedural rules, the dismissal operated as an adverse ruling on the merits. And under the applicable doctrine of res judicata, Garcino could not collaterally attack the bankruptcy court's prior ruling in chancery court. Any argument that this ruling is wrong—that under current bankruptcy law the debt is non-dischargeable—must be brought in bankruptcy court, not chancery court.

¶ 3. Therefore, we affirm the chancery court's judgment staying Garcino's writ of execution, which he filed to collect the debt that had been discharged in his ex-wife's bankruptcy.

**Background**

*A. Amended Divorce Judgment*

¶ 4. In December 2008, the Jackson County Chancery Court entered an amended judgment of divorce. In the amended judgment, the chancery court awarded Garcino's ex-wife, Amanda Noel, the marital home and awarded Garcino half the equity in the home—or $26,020.82, minus a $9,793 credit—to be paid within sixty days. Noel did not pay Garcino within the required time. And in July 2010, she filed for bankruptcy in the United States Bankruptcy Court for the Southern District of Mississippi.

*B. Noel's Chapter 7 Bankruptcy*

[1]  ¶ 5. Noel filed for bankruptcy under Chapter 7 of the U.S. Bankruptcy Code.[1] Chapter 7 governs bankruptcy "liquidation"—as opposed to bankruptcy "reorganization" or "adjustment of debts" under Chapters 11, 12, and 13.[2] Essentially, in a Chapter 7 bankruptcy the debtor surrenders —or liquidates—all his non-exempt property as payment towards his debts in exchange for a "discharge"—or wiping out—of the debts he had at the time he filed bankruptcy.

¶ 6. The purpose of a discharge is to give "honest but unfortunate debtor[s]" like Noel a "fresh start," which is the undergirding policy of the Bankruptcy Code. *Hayden v. Hayden (In re Hayden)*, 456 B.R. 378, 379 (Bankr.S.D.Ind.2011) (quoting *Local Loan Co. v. Hunt,* 292

U.S. 234, 244, 54 S.Ct. 695, 78 L.Ed. 1230 (1934)). But this policy has its limits. And in this case, the bankruptcy court qualified its order granting Noel "a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code)" with the instruction that "[m]ost, *but not all,* types of debts are discharged [.]" (Emphasis added).

¶ 7. More precisely, a discharge under section 727 "discharges the debtor from all debts that arose before the date" the debtor filed bankruptcy "*[e]xcept as provided in section 523 of this title.*" 11 U.S.C. § 727(b) (2006) (emphasis added). Section 523(a) lists a number of debts that, due to their nature, are not discharged through a section 727 discharge. 11 U.S.C. § 523(a) (2006). Because counter-balancing the policy of giving the debtor a fresh start is the "longstanding corresponding policy of protecting a debtor's spouse and children," **473** *In re Crosswhite,* 148 F.3d 879, 881 (7th Cir.1998), debts to spouses, ex-spouses, and children are included in section 523(a)'s no-discharge list. 11 U.S.C. § 523(a)(5), (15).

**C. *Garcino's Adversary Proceeding***
¶ 8. As a creditor ex-spouse, aware of section 523(a)(15)'s exception to discharge, Garcino filed a hand-written letter with the bankruptcy court in December 2010, a month prior to Noel's section 727 discharge. In this letter, Garcino advised the bankruptcy court:

> Please take note. *Garcino v. Garcino,* Cause No[.] 2005–2207 JB[,] is a judgment of divorce which encompasses the property settlement as ordered by the Jackson County Chancery Court. This judgment was in 2008 for which monies are owed to myself from Amanda Noel in regards to the this judgment. Under applicable present bankruptcy laws this debt should not be discharged.

¶ 9. The bankruptcy court treated Garcino's letter as the initiation of an "adversary proceeding"—a separate lawsuit within the bankruptcy case—to determine whether Noel's property-settlement debt to Garcino was excepted from discharge under section 523(a)(15). *See* Fed. R. Bankr.P. 7001(6) (listing a bankruptcy-court proceeding to determine the dischargeability of a debt as one of the ten types of "adversary proceedings" connected to a bankruptcy case).

¶ 10. According to Garcino, after he sent the December 2010 letter, he learned from a bankruptcy attorney that the Bankruptcy Code had changed the conditions and procedures for a creditor ex-spouse's property-settlement debt to be excepted from discharge under section 523(a)(15).

*1. Section 523(a)(15) and BAPCPA*

¶ 11. Prior to 2005, a creditor ex-spouse like Garcino was required to bring an adversary proceeding within sixty days of the meeting of creditors[3] to prevent a property-settlement debt from being discharged. *Asberry v. Asberry (In re Asberry),* No. 06–10233–SSM, 2006 WL 2548184, at *1 (Bankr.E.D.Va. Sept.1, 2006) (citing former 11 U.S.C. § 523(a)(15), (c) (2000); Fed. R. Bankr.P. 4007(c)). The Bankruptcy Code distinguishes between debts for alimony and support and debts for property-settlement awards. *Compare* 11 U.S.C. § 523(a)(5) (2006), *with* 11 U.S.C. § 523(a)(15) (2006). Under the pre–2005 Bankruptcy Code, all debts owed to a spouse, former spouse, or child "in the nature of alimony, maintenance, or support"—which the Code refers to as "domestic support obligations"[4]—were non-dischargeable. But debts owed to a spouse, former spouse, or child due to a separation agreement, divorce decree, or court order that were *not* domestic support obligations— i.e. property-settlement debts—were only conditionally non-dischargeable.

¶ 12. This is because former section 523(a)(15) allowed the debtor to bring "affirmative defenses" to the creditor ex-spouses's claim that property-settlement debt owed him was non-dischargeable. *Douglas v. Douglas (In re Douglas),* 369 B.R. 462, 464 (Bankr.E.D.Ark.2007) (quoting Hon. William Houston Brown, *Bankruptcy and Domestic Relations Manual* § 1:3 (2006)). Unless the creditor ex-spouse filed a timely adversary proceeding **474** with the bankruptcy court and proved that the affirmative defenses did not apply and that non-support debt was indeed non-dischargeable, the domestic non-support debt was discharged. *In re Asberry,* 2006 WL 2548184, at *1 (citing former 11 U.S.C. § 523(a)(15), (c) (2000); Fed. R. Bankr.P. 4007(c)).

¶ 13. The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA) eliminated section 523(a)(15)'s affirmative defenses. *In re Douglas,* 369 B.R. at 464. For Chapter 7 bankruptcies filed after 2005, as Noel's was, "any debt ... to a spouse, former spouse, or child of the debtor and not [a domestic support obligation] that is incurred by

the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record" is not discharged by a Chapter 7 order of discharge—*no exception.* 11 U.S.C. § 523(a)(15); see *Tracy v. Tracy (In re Tracy),* No. 06–40044–JDP, 2007 WL 420252, at *2 (Bankr.D.Idaho Feb.2, 2007) ("Section 523(a)(15) now provides, unqualifiedly, that a property settlement obligation encompassed by section 523(a)(15) is nondischargeable." (quoting 4 *Collier on Bankruptcy* ¶ 523–118 (2006 ed.))).

¶ 14. Consequently, an ex-spouse creditor is no longer required to file an adversary proceeding within sixty days of the meeting of creditors or forfeit his right to contest the debt's discharge. *See* 11 U.S.C. § 523(c)(1) (2006). Under amended section 523(c)(1), only three types of debts excepted from discharge under section 523(a) are discharged "unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge." 11 U.S.C. § 523(c)(1) (governing non-dischargeable debts under paragraphs (2), (4), or (6) of subsection (a) of this section). And property-settlement debts do not fall into one of these three categories. *See id.*

¶ 15. Under BAPCPA, a complaint to determine the dischargeability of a property-settlement debt "may be filed at any time"—even after a bankruptcy case is closed. Fed. R. Bankr.P. 4007(b). Further, a creditor ex-spouse is no longer limited to bringing the issue of non-dischargeability under section 523(a)(15) in bankruptcy court. With the elimination of the affirmative defenses to non-dischargeability under 523(a)(15), so went "the requirement that the determination of non-dischargeability [under section 523(a)(15) ] be made by the bankruptcy court." *In re Asberry,* 2006 WL 2548184, at *1 (citing current 11 U.S.C. § 523(c) (2006)). Now, "a determination of dischargeability may be made by any court that otherwise has jurisdiction over the parties." *Id.* The burden is on the creditor to show the domestic non-support debt owed him was excepted from discharge because it was incurred by the debtor in the course of a divorce or separation. *Holmes v. Holmes (In re Holmes),* No. 08–3113, 2009 WL 1586792, at *2 (Bankr.N.D.Ohio Feb. 20, 2009) (citing *Damschroeder v. Williams (In re Williams),* 398 B.R. 464, 468 (Bankr.N.D.Ohio 2008)) (listing the three elements a creditor ex-spouse has burden to prove).

*2. Dismissal of Garcino's Adversary Proceeding*

¶ 16. Garcino claims that, since he was informed by an attorney that section 523 no longer required an ex-spouse creditor to file an adversary proceeding to prevent a property-settlement debt from being discharged under section 727, he abandoned his adversary proceeding. Because he failed to act, on January 27, 2011, two weeks after Noel received the section 727 discharge order, the bankruptcy court entered *475 an order dismissing Garcino's adversary proceeding:

> This day there came on for consideration the Notice dated December 20, 2010[,] ... in the above-referenced adversary proceeding (the "Adversary"). The Court, being fully advised in the premises, finds that the Plaintiff failed to advise the Court of his intention to proceed with this Adversary. Accordingly, the Adversary should be dismissed.

*D. Garcino's Writ of Execution*

¶ 17. Assuming the property-settlement debt had not been discharged, Garcino filed a writ of execution with the chancery court on July 22, 2011, to recover on the amended divorce judgment. The next week, Noel moved for a stay of the writ execution. After a hearing, in which Noel asserted her debt to Garcino had been discharged by the bankruptcy court, the chancery court granted Noel's motion for stay, "as the debt owed to [Garcino] by the [Noel] was discharged in United States Bankruptcy Court."

¶ 18. Garcino timely appealed.

**Discussion**

¶ 19. While Garcino raises multiple issues on appeal, the first one—whether the chancery court erred by finding the debt was discharged and, thus, uncollectible—is dispositive. We do not address his remaining arguments regarding his writ of execution.

¶ 20. Garcino argues that because under BAPCPA he did not have to bring, and succeed in, an adversary proceeding to prevent the property-settlement debt from being discharged, the chancery court erred in finding the debt was discharged. Garcino asserts the chancery court should have instead

applied BAPCPA's section 523(a)(15) to find the debt had been excepted from discharge.

¶ 21. Noel does not dispute Garcino's claim that the debt owed him meets the criteria of section 523(a)(15). Instead, she asserts the chancery court lacked authority to find the debt she owed Garcino was excepted from discharge.

¶ 22. Her first suggested reason—that the chancery court lacked jurisdiction to make such a determination—is clearly wrong. "It is well established ... that 'bankruptcy courts and state courts maintain concurrent jurisdiction to decide exceptions to discharge arising under [section] 523(a) [.]'" *Marvin v. Marvin*, 51 Va.App. 619, 659 S.E.2d 579, 581 (2008) (quoting *Monsour v. Monsour (In re Monsour)*, 372 B.R. 272, 278 (Bankr.W.D.Va.2007)). "Although only the bankruptcy court can decide whether to grant a discharge in bankruptcy, the *effect* of such a discharge may be determined by any court in which the issue is properly raised." *Burns v. Burns*, 164 S.W.3d 99, 103 (Mo.Ct.App.2005) (citing *Timmons v. Timmons*, 132 S.W.3d 906, 915 (Mo.Ct.App.2004)); *see also Rogers v. McGahee*, 278 Ga. 287, 602 S.E.2d 582, 586 (2004) (holding that "a general discharge in bankruptcy does not deprive the state court of its jurisdiction to determine whether certain debts of the debtor former spouse are exempt") (citations omitted).[5]

¶ 23. But we find her second reason—that the chancery court was barred by res judicata from making an independent decision about the debt's discharge—is correct under these circumstances.

I. Res Judicata

[2]   [3]   [4]   [5]   ¶ 24. Res judicata is a doctrine of claim preclusion. *Harrison v. Chandler–Sampson* *476 *Ins., Inc.*, 891 So.2d 224, 232 (¶ 22) (Miss.2005). Res judicata is Latin for "a thing adjudicated." Black's Law Dictionary 1336 (8th ed.2004). And under the doctrine of res judicata, when a court of competent jurisdiction adjudicates—that is, "enters a final judgment on the merits of an action"—"the parties or their privies are precluded from re-litigating claims that were decided or could have been raised in that action." *Harrison*, 891 So.2d at 232 (¶ 22) (quoting *Miss. Dep't of Human Servs. v. Shelby*, 802 So.2d 89, 95 (¶ 24) (Miss.2001)). Simply put, res judicata "bars a second action between the same parties on the same subject matter directly involved in the prior action." *Id.* at (¶ 26).

[6]   ¶ 25. The application of res judicata requires "four identities which must be present: (1) identity of the subject matter of the action; (2) identity of the cause of action; (3) identity of the parties to the cause of action; and (4) identity of the quality or character of a person against whom the claim is made." *Id.* at (¶ 24). Here, we find the four identities were met because Garcino brought the same claim—that the debt was not discharged—against the same party in both the bankruptcy court and chancery court. *See id.* at (¶ 26).

[7]   [8]   ¶ 26. In addition to the four identities, res judicata also requires the prior judgment "be a final judgment that was adjudicated on the merits." *EMC Mortg. Corp. v. Carmichael*, 17 So.3d 1087, 1090 (¶ 10) (Miss.2009) (citing *Anderson v. LaVere*, 895 So.2d 828, 833 (¶ 10) (Miss.2004)). "If an application for a determination of dischargeability is filed *and adjudicated* in the bankruptcy court, that judgment is res judicata in other courts." *Collins v. Collins*, 208 Ga.App. 862, 432 S.E.2d 605, 606 (1993) (quoting *Manuel v. Manuel*, 239 Ga. 685, 238 S.E.2d 328, 329 (1977)) (emphasis added); *see Studdard v. Pitts*, 72 So.3d 1160, 1162 (¶¶ 8–9) (Miss.Ct.App.2011) (affirming chancery court's judgment finding plaintiffs' claim had already been adjudicated in bankruptcy court and was therefore barred by res judicata).

¶ 27. Through his December 2010 letter, Garcino applied to the bankruptcy court for a determination of dischargeability for the property-settlement debt. The question is—did the bankruptcy court adjudicate his claim? If yes, such a judgment cannot be attacked collaterally in state court but instead must be challenged in bankruptcy court. *See Phillips v. Kelley*, 72 So.3d 1079, 1084 (¶ 18) (Miss.2011) (finding the doctrine of res judicata prevented the plaintiff from collaterally attacking the bankruptcy court's final order in state court).

II. Adverse Adjudication on the Merits

¶ 28. Garcino argues his abandoned adversary proceeding is of no consequence to the issue of the debt's dischargeability because amended section 523(a)(15) and (c) did not require that he bring, and succeed in, an adversary proceeding to prevent the property-settlement debt from being discharged. While Garcino was *not required* to bring an adversary proceeding, he chose to bring an adversary proceeding. And in doing so, he raised before the bankruptcy court the issue of the debt's exemption from discharge under section 523(a)(15). Under federal bankruptcy procedural rules, the dismissal of the adversary proceeding operated as an adverse adjudication on the merits of his claim.

¶ 29. Adversary proceedings are governed by Part VII of the Federal Rules of Bankruptcy Procedure. Fed. R. Bankr.P. 7001. Federal Rule of Bankruptcy Procedure 7041 concerns the dismissal of adversary proceedings, specifically adopting *477 Federal Rule of Civil Procedure 41.[6] Rule 41(a) governs voluntary dismissals, which are without prejudice. Rule 41(b) applies to all other dismissals. "Unless the dismissal order states otherwise," a Rule 41(b) dismissal "operates as an adjudication on the merits." F.R.C.P. 41(b)[7]; see Jefferson v. Cmty. Bank (In re Jefferson), 477 B.R. 645, 649 (Bankr.S.D.Miss.2012) (discussing the res judicata effect of Rule 41(b) on the dismissal of a bankruptcy adversary proceeding).

¶ 30. While Garcino's dismissal was "voluntary" in the sense that he admits he purposefully chose not to prosecute the adversary proceeding, there is nothing to indicate the order of dismissal fell within Rule 41(a). Nowhere does the order state it was brought on Garcino's motion or indicate that the adversary proceeding was being dismissed without prejudice. See F.R.C.P. 41(a). Instead, the order indicates Garcino was given notice that his adversary proceeding would be dismissed if he did not report to the bankruptcy court with his intention to proceed. Because the adversary proceeding was dismissed based on Garcino's failure to prosecute, we find this dismissal falls under Rule 41(b), not Rule 41(a), and operates as an adjudication on the merits. See Blake v. Trutwein (In re Trutwein), Nos. AZ–07–1143–KDN, 05–13635, 2007 WL 4467569, at *5 & n. 7 (9th Cir.BAP2007) (discussing bankruptcy court's sua sponte dismissal for lack of prosecution "after having given notice of such intent" and its effect as an adjudication on the merits).[8]

¶ 31. A creditor ex-spouse, like Garcino, is no longer required to bring an adversary proceeding and have the property-settlement debt declared non-dischargeable to prevent a Chapter 7 discharge. But that does not mean a creditor ex-spouse is precluded from coming before the bankruptcy court for a determination that property-settlement debt is non-dischargeable. In re Holmes, 2009 WL 1586792, at *2. That is what Garcino did here. He went to the bankruptcy court for a determination of dischargeability and received an adjudication of his claim, by operation of the federal bankruptcy procedural rules. See F. Bankr.R. 7041; F.R.C.P. 41(b).

¶ 32. We find this adverse decision is res judicata in his chancery court action. See Williams v. SLM Corp. (In re Williams), No. 04–BK–25742–JKO, 2006 WL 1679730, at *2 (Bankr.S.D.Fla. April 28, 2006) (holding debtor's adversary proceeding, which was dismissed for the debtor's failure to prosecute, was an adjudication on the merits adverse to the debtor and binding on the court under res judicata). This means Garcino could not raise before the chancery court the same issue he raised to the bankruptcy court and ask the chancery court to reach a different result. Any challenge to the bankruptcy court's order must be made in bankruptcy court. See Phillips, 72 So.3d at 1084 (¶ 17).

*478 Conclusion

¶ 33. Because the effect of the bankruptcy court's dismissal of Garcino's adversary proceeding was an adjudication that the debt he was owed was discharged in Noel's bankruptcy case, we find no error in the chancery court's finding the bankruptcy court had discharged the debt. We affirm the judgment staying Garcino's writ of execution filed to collect the discharged property-settlement debt.

¶ 34. **THE JUDGMENT OF THE JACKSON COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, RUSSELL AND FAIR, JJ., CONCUR. IRVING, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.

Footnotes

1   The Bankruptcy Code is codified in title 11 of the United States Code.
2   This opinion addresses Chapter 7 only. The Bankruptcy Code provisions discussed in this opinion may or may not apply to bankruptcy cases filed under other chapters.
3   The Bankruptcy Code requires the United States trustee to convene a meeting of the debtor's creditors "[w]ithin a reasonable time" after the debtor files for bankruptcy relief. 11 U.S.C. § 341(a) (2006).

Garcino v. Noel, 100 So.3d 470 (2012)

| | |
|---|---|
| 4 | 11 U.S.C. § 101(14A) (2006). |
| 5 | Of course, federal bankruptcy law applies to the state court's determination. *Alticor, Inc. v. Grissum,* 198 S.W.3d 629, 633 (Mo.Ct.App.2006). |
| 6 | Rule 7041 has additional notice requirements not found in Rule 41. Fed. R. Bankr.P. 7041. |
| 7 | Dismissals for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 are expressly excepted from Rule 41(b)'s adjudication-on-the-merits effect. F.R.C.P. 41(b). |
| 8 | Footnote 7 in *In re Trutwein,* an unpublished opinion, contains a scrivenor's error. It was intended to read: "Rule 41(b) provides that the effect of an involuntary dismissal for failure of the plaintiff to prosecute operates as an adjudication upon the merits, except for a dismissal for lack of [jurisdiction, not 'prosecution,'] for improper venue, for failure to join a party under Rule 19, or as otherwise specified by the court." *In re Trutwein,* 2007 WL 4467569, at *2 n. 7. |

End of Document                              © 2013 Thomson Reuters. No claim to original U.S. Government Works.